HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SENTRY SELECT INSURANCE COMPANY, as subrogee of OPEN ROAD AUTO GROUP, INC., d/b/a BELLEVUE LAMBORGHINI ROLLS-ROYCE BENTLEY,<br><br>                Plaintiff<br>v.<br><br>SILVER ARROW CARS, LTD., a British Columbia Limited Liability Company,<br><br>                Defendant | NO. 2:19-cv-00598-RAJ<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** |

      This matter is before the Court on Plaintiff's motion for default judgment. Dkt. # 16. For the following reasons, the Court **GRANTS** the motion.

ORDER - 1

# I. BACKGROUND

Plaintiff Sentry Select Insurance Company ("Sentry" or "Plaintiff") is a corporation that is organized and exists under the laws of Wisconsin, with its principal place of business located Wisconsin. Dkt. # 1 at ¶ 1. It is authorized to issue policies of insurance in Washington. Defendant Silver Arrow Cars, Ltd. ("Silver Arrow" or "Defendant") is a limited liability company organized and existing under the laws of British Columbia, Canada. *Id.* at ¶ 3.

On February 15, 2017, OpenRoad purchased a 2015 Porsche 918 Spyder from Silver Arrow for $1,350,000. Dkt. # 1 at ¶ 8. OpenRoad took title free of any liens and encumbrances. After OpenRoad took title to the vehicle from Silver Arrow, the Estate of Jack Dane ("the Estate") asserted claims against OpenRoad in the United States District Court for the Western District of Washington at Seattle (the "Replevin action"), seeking among other things, possession of the vehicle and damages. *See Abuzeide v. OpenRoad Auto Group, Inc.,* W.D. Wash. No. 2:17-cv-00583-RSM. The Estate also asserted rights to the vehicle in a separate probate action. *See In re Estate of Dane and Abuzeide v. Henley, et. al,* No. PES-17-300731.

Silver Arrow subsequently entered into a contract with OpenRoad in which Silver Arrow agreed to "defend, indemnify, and hold harmless OpenRoad and its successors and assigns from any claim, action, liability, loss, damage or suit brought by [the Estate] arising from or related to OpenRoad's acquisition of the Vehicle from Silver Arrow." Dkt. # 3. In the event Silver Arrow failed to defend OpenRoad, the contract allowed OpenRoad to defend itself and recover the amount incurred in connection with its defense, including attorney fees and costs. *Id.*

After Silver Arrow refused to defend OpenRoad in the two lawsuits brought by the Estate, OpenRoad defended itself, ultimately settling the Replevin action for $450,000

and accruing attorney's costs and fees in excess of $50,000. Dkt. # 17 at ¶ 5. Sentry, as OpenRoad's insurer, covered these losses through payments to OpenRoad totaling the amount of the settlement agreement and coverage for attorneys' fees up to the policy limit amount of $50,000. Dkt. # 17 at ¶ 7; Dkt. # 21, Exs. A, B. To date, Silver Arrow still has not reimbursed OpenRoad in connection with these expenses.

On April 22, 2019, Sentry brought this subrogation action against Silver Arrow, seeking to recover the money it had paid to OpenRoad. Dkt. # 1. After Silver Arrow failed to timely respond to the complaint, Sentry filed a motion for entry of default. Dkt. # 13. On June 26, 2019, the Clerk of the Court entered default against Silver Arrow. Dkt. # 15. Sentry now moves for an entry of default judgment. Dkt. # 16.

## II. DISCUSSION

At the default judgment stage, the court presumes all well-pleaded factual allegations are true, except those related to damages. *TeleVideo Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917–18 (9th Cir. 1987)*; see also Fair House. of Marin v. Combs,* 285 F.3d 899, 906 (9th Cir. 2002). Where those facts establish a defendant's liability, the Court has discretion, not an obligation, to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). The plaintiff must submit evidence supporting a claim for a particular sum of damages. *TeleVideo Sys.*, 826 F.2d at 917-18; *see also* Fed. R. Civ. P. 55(b)(2)(B). If the plaintiff cannot prove that the sum it seeks is "a liquidated sum or capable of mathematical calculation," the Court must hold a hearing or otherwise ensure that the damage award is appropriate. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

ORDER - 3

### A. *Eitel* Factors

In exercising its discretion, the Court considers the "*Eitel*" factors: (1) the substantive merits of plaintiff's claims, (2) the sufficiency of the claims raised in the complaint, (3) the possibility of prejudice to the plaintiff if relief is denied, (4) the sum of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy favoring decisions on the merits when reasonably possible. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

    i. Merits of the Claim and Sufficiency of the Complaint

The substantive merits of the claims and the sufficiency of the complaint are often analyzed together. *Curtis v. Illumination Arts, Inc.,* 33 F. Supp. 3d 1200, 1210–11 (W.D. Wash. 2014). Here, Sentry asserts a breach of contract claim against Silver Arrow. To prevail, Sentry must show: (1) the existence of a contractual duty, (2) breach, (3) causation, and (4) damages. *Larson v. Union Investment & Loan Co.*, 168 Wash. 5, 10 P.2d 557 (1932); *Alpine Industries, Inc. v. Gohl*, 30 Wash. App. 750, 637 P.2d 998 (1981). In this case, Sentry offers evidence that Silver Arrow signed an agreement with OpenRoad, indemnifying OpenRoad from liability stemming from the Estate lawsuits. Dkt. # 3. Sentry has also set forth facts demonstrating that Silver Arrow breached the agreement when it refused to defend OpenRoad or reimburse OpenRoad for the costs it incurred in defending itself. As a result of Silver Arrow's breach, OpenRoad was forced to defend itself, sustaining losses which led it to file a claim with its insurer, Sentry. This is sufficient to state a breach of contract claim.

Under the general principles of subrogation, an insurer, standing in the shoes of its insured, may pursue an action in the insured's name against a third party to enforce a reimbursement right. *Trinity Universal Ins. Co. of Kansas v. Ohio Cas. Ins. Co.*, 176 Wash. App. 185, 200 (2013). Pursuant to OpenRoad's insurance policy, Sentry is

subrogated to OpenRoad's right of recovery against Silver Arrow stemming from Silver Arrow's breach of contract. *See* Dkt. # 21, Ex. B; *see also Mt. Hawley Ins. Co. v. Zurich Am. Ins. Co.,* No. 77379-8-I, 2019 WL 1487726, at *5 (Wash. Ct. App. Apr. 1, 2019) (holding insurer had right to subrogation based on breach of contract claim, specifically breach of duty to defend).

### ii. Prejudice to Plaintiff

The Court next turns to the issue of prejudice to Sentry. This too weighs in favor of default judgment. Although Silver Arrow was properly served with Sentry's complaint, it failed to file an answer or otherwise respond. As a result, Sentry's claim cannot move forward on the merits and its ability to obtain effective relief will be negatively impacted. *Elektra Entm't Grp. Inc. v. Crawford,* 226 F.R.D. 388, 391 (C.D. Cal. 2005).

### iii. Sum of Money at Stake

This *Eitel* factor examines the "amount of money at stake in relation to the seriousness" of a defendant's conduct. *Eitel*, 782 F.2d at 1471. Generally, courts in the Ninth Circuit discourage default judgments "when the money at stake in the litigation is substantial or unreasonable, unless "the sum of money at stake is tailored to the specific misconduct of the Defendant." *Ferriss v. All. Publ'g, Inc.*, No. 15-CV-05675-EMC, 2016 WL 7116110, at *8 (N.D. Cal. Dec. 6, 2016). Here, Sentry's request for damages is based on the amount of OpenRoad's claim related to the specific settlement amount and attorney's costs explicitly covered under the indemnification contract. Sentry offers evidence to support its request for $500,000, the total amount paid on OpenRoad's claim. Dkt. # 17; Dkt. # 21, Ex. A. Therefore, the Court finds this factor weighs in favor of granting default judgment.

ORDER - 5

#### iv. Possibility of Material Facts in Dispute

The Court next considers the possibility of any material facts in dispute. *Elec. Frontier Found. v. Glob. Equity Mgmt. (SA) Pty Ltd.,* 290 F. Supp. 3d 923, 947 (N.D. Cal. 2017). In assessing this factor, courts examine whether a defendant would be able to dispute material facts if it had appeared in the lawsuit. *Elec. Frontier Found. v. Glob. Equity Mgmt. (SA) Pty Ltd.,* 290 F. Supp. 3d 923, 947 (N.D. Cal. 2017). "When default has been entered, courts find that there is no longer the possibility of a dispute concerning material facts because the court must take the plaintiff's factual allegations as true." *Getty Images (US), Inc. v. Virtual Clinics*, No. C13-0626JLR, 2014 WL 358412, at *4 (W.D. Wash. Jan. 31, 2014). Here, Sentry has made allegations supported by evidence and Silver Arrow has not challenged those allegations. Thus, this factor weighs in favor of default judgment.

#### v. Excusable Neglect

The Court must also consider whether entry of default is due to excusable neglect. There is no indication of excusable neglect in this case. Silver Arrow was served with the complaint and summons and failed to appear. Likewise, there is no indication Silver Arrow did not receive notice of Sentry's motions for entry of default or default judgment. *Getty Images*, 2014 WL 358412, at *5. This factor supports default judgment.

#### vi. Policy Favoring Decision on Merits

The final *Eitel* factor requires the Court to weigh whether default judgment is appropriate in light of the policy favoring decisions on the merits. *Eitel, 782 F.2d at 1472*. While this factor "almost always disfavors the entry of default judgment," it is not dispositive. *Vawter v. Quality Loan Serv. Corp. of Wash.*, No. C09–1585JL R, 2011 WL 1584424, at *6 (W.D. Wash. Apr. 27, 2011). On balance, the Court finds that the *Eitel*

factors overwhelmingly support default judgment. Accordingly, the Court turns to Sentry's requested damages.

## B. <u>Damages</u>

### i. <u>Actual Damages</u>

Here, Sentry asserts a single breach of contract claim. Dkt. # 1. The general measure of damages for breach of contract is that the injured party is entitled to: (1) recovery of all damages that accrue naturally from the breach, and (2) to be put into as good a pecuniary position as he would have had if the contract had been performed. *Diedrick v. School Dist. 81*, 87 Wash.2d 598, 610 (1976).

Under the indemnification agreement, Silver Arrow agreed to defend OpenRoad in the Estate lawsuits or reimburse OpenRoad for any losses OpenRoad incurred from defending itself. Dkt. # 3. By refusing to defend or reimburse OpenRoad, Silver Arrow breached the contract. As such, OpenRoad is entitled to recover the losses it accrued in connection with defending itself.

In this case, OpenRoad submitted a claim for the losses it incurred as result of Silver Arrow's breach to its insurer, Sentry. Dkt. # 17 at ¶ 7. Sentry paid a total of $500,000 to OpenRoad, covering the $450,000 settlement agreement and $50,000 in attorney's fees. Dkt. # 17; Dkt. # 21, Ex. A. Under the doctrine of subrogation, Sentry is now entitled to recover what it paid to OpenRoad as a result of Silver Arrow's breach. *Touchet Valley Grain Growers, Inc. v. Opp & Seibold Gen. Constr.*, 119 Wash.2d 334, 341(1992). Simply stated, Sentry steps "into the shoes" of OpenRoad. *Touchet Valley*, 119 Wash.2d at 341 (internal citation omitted). Here, Sentry requests damages totaling $500,000, the exact amount of OpenRoad's claim under the policy. The Court is satisfied from Sentry's motion and supporting declarations that $500,000 is the appropriate amount of damages stemming from Silver Arrow's breach of contract.

### ii. Pre-Judgment Interest

Sentry separately requests pre-judgment interest on its actual damages. Pre-judgment interest awards are based on the principle that a defendant "who retains money which he ought to pay to another should be charged interest upon it." *Hansen v. Rothaus*, 107 Wash. 2d 468, 473 (1986) (internal citation omitted). The plaintiff is compensated for the "use value" of the money representing his damages for the period of time from his loss to the date of judgment. *Id.* at 473. Pre-judgment interest is available in breach of contract cases, "when the amount of an 'unliquidated' claim is for an amount due upon a specific contract for the payment of money and the amount due is determinable by computation with reference to a fixed standard contained in the contract, without reliance on opinion or discretion." *Id.* at 472 (internal citation omitted).

Here, no interest rate is specified in the indemnification contract. As such, the 12 percent statutory judgment interest rate applies. *Pub. Util. Dist. No. 2 of Pac. Cty. v. Comcast of Washington IV, Inc*., 184 Wash. App. 24, 81 (2014); *see also* RCW 19.52.020; RCW 4.56.110. Thus, Sentry is entitled to prejudgment interest on damages awarded for the breach of contract claim at the statutory 12 percent rate, commencing from August 29, 2018, the date Sentry provided Silver Arrow with notice that it was seeking reimbursement for sums paid on behalf of OpenRoad. Dkt. # 18, Ex. 1.

### iii. Post-Judgment Interest

Finally, Sentry requests post-judgment interest. Post-judgment interest accrues on all damages, as well as awards of attorneys' fees and costs. 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court.") (emphasis added). Accordingly, Sentry is entitled to post-judgment interest that will compound at the statutory rate as set forth in 28 U.S.C. § 1961(a) as of the date of this Order.

## III. CONCLUSION

For the foregoing reasons, Sentry's motion for default judgment is **GRANTED**. Dkt. # 16. Sentry is entitled to damages in the amount of $500,000 and pre-judgment and post-judgement interest as detailed above. The Clerk is directed to enter default judgment for Sentry in accordance with this order. To the extent Sentry seeks attorneys' fees and costs in connection with the litigation of this matter, Sentry must file a separate motion.

DATED this 13th day of April, 2020.

The Honorable Richard A. Jones
United States District Judge

ORDER - 9